1  Kimmel & Silverman, P.C.
   1930 East Marlton Pike, Suite Q29
2  Cherry Hill, New Jersey 08003
   Telephone: 856-429-8334
3  Attorney of Record: Amy Bennecoff (AB0891)
   Attorney for Plaintiff
4

5                        **UNITED STATES DISTRICT COURT**
                                    **FOR THE**
6                         **DISTRICT OF NEW JERSEY**

7
                                            )
8  MARGARET NICHOLSON,                      )
                                            )
9          Plaintiff,                       )
                                            )  Case No.:
10         v.                               )
                                            )  COMPLAINT AND DEMAND FOR JURY
11 BUDZIK & DYNIA, LLC                      )  TRIAL
                                            )
12         Defendant.                       )  (Unlawful Debt Collection Practices)

13

14                              **COMPLAINT**

15        MARGARET NICHOLSON ("Plaintiff"), by her attorneys, KIMMEL & SILVERMAN,

16 P.C., alleges the following against BUDZIK & DYNIA, LLC ("Defendant"):

17

18                            **INTRODUCTION**

19        1.      Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15

20 U.S.C. § 1692 *et seq.* ("FDCPA").

21

22                        **JURISDICTION AND VENUE**

23        2.      Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states

24 that such actions may be brought and heard before "any appropriate United States district court

25 without regard to the amount in controversy;" 28 U.S.C. § 1331 grants this court original

                                    - 1 -

Case 1:33-av-00001   Document 2334   Filed 01/30/12   Page 2 of 7 PageID: 2649

jurisdiction of all civil actions arising under the laws of the United States; and 28 U.S.C. § 1367

grants this Court supplemental jurisdiction over any state law claims.

3.      Defendant conducts business and maintains an office in the State of New Jersey,

therefore, personal jurisdiction is established.

4.      Venue is proper pursuant to 28 U.S.C. § 1391(b)(2)..

**PARTIES**

5.      Plaintiff is a natural person residing in Audubon, New Jersey 08106.

6.      Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7.      Defendant is a national debt collection law firm with corporate headquarters

located at 4849 Milwaukee Avenue, Suite 801, Chicago, Illinois 60630.

8.      Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

9.      Defendant acted through its agents, employees, officers, members, directors,

heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

10.     At all relevant times, Defendant was attempting to collect an alleged FIA Card

Services, N.A. debt from Plaintiff.

11.     The alleged debt Defendant was seeking to collect arose out of transactions,

which were primarily for personal, family, or household purposes, as Plaintiff has no business

debt.

12.     Throughout the month of December 2011, Defendant's representatives made

repeated telephone calls to Plaintiff's cellular and work telephone numbers.

13.     Defendant's harassing debt collection calls originated from numbers including,

but not limited to (773) 902-1130.  The undersigned has confirmed that this number belongs to

Case 1:33-av-00001 Document 2334 Filed 01/30/12 Page 3 of 7 PageID: 2650

Defendant.

14.     Defendant's representatives called Plaintiff's cellular telephone approximately one to two times daily and Plaintiff's work telephone number approximately one time each day.

15.     Plaintiff is not permitted to receive calls of this nature at her place of employment.

16.     Defendant's daily telephone calls were highly disruptive to Plaintiff, as well as to her co-workers.

17.     Plaintiff handles customer service calls at her place of employment and needs to be available to speak on the telephone when someone calls.

18.     Defendant's repeated calls to her place of employment, as well as on her cellular telephone during working hours, distracted Plaintiff from her customer service calls.

19.     Plaintiff also sits within close proximity to two co-workers, David and Peter; each sits approximately one arms length from Plaintiff.

20.     As a result, both have overheard telephone calls that Plaintiff received from Defendant.

21.     Prior to Defendant's telephone calls, neither co-worker had any knowledge of Plaintiff's financial hardships; however, because of Defendant's frequent telephone calls to Plaintiff, they are both now aware that Plaintiff owes an outstanding debt.

22.     On or around December 22, 2011, Defendant contacted Plaintiff's neighbor's 14-year old daughter looking for Plaintiff.

23.     Defendant placed this call to Plaintiff's neighbor even though it already possessed Plaintiff's cellular telephone number, home address, and work telephone number.

24.     Since Defendant had Plaintiff's contact information in its possession, its purpose in contacting Plaintiff's neighbor was not to acquire location information.

Case 1:33-av-00001   Document 2334   Filed 01/30/12   Page 4 of 7 PageID: 2651

25. Plaintiff learned of Defendant's call to her neighbor when her 14-year old son contacted her indicating that the neighbor's daughter had sent him a text message indicating that a law firm was calling her parents house looking for Plaintiff.

26. This caused great embarrassment to Plaintiff as her neighbors and son had no previous knowledge of her financial hardships.

27. On the same day, December 22, 2011, Plaintiff spoke with Defendant's representative Vanessa and Vanessa's supervisor, Alfredo.

28. Both Vanessa and Alfredo were loud and aggressive on the telephone while speaking with Plaintiff, demanding she make payment.

29. While Plaintiff was on the telephone with Alfredo, a co-worker, Patty, stopped by her desk with a work-related question; however, Plaintiff was unavailable to assist Patty as a result of her conversation with Alfredo.

30. While waiting to ask Plaintiff a work-related question, Patty overheard the conversation Plaintiff was having with Alfredo, causing Plaintiff to feel humiliated.

31. Patty had no prior knowledge of Plaintiff's financial difficulties.

32. Following the conversation a co-worker approached her and provided her with the name and number of her present counsel, indicating they could assist her with the harassment she had been enduring.

33. Plaintiff now feels uncomfortable at work knowing that multiple co-workers have knowledge her financial situation.

34. During the December 22, 2011 telephone call, Alfredo threatened Plaintiff indicating she had to settle the debt or Defendant would proceed with legal action against Plaintiff.

35. To date, Defendant has taken no legal action against Plaintiff.

Case 1:33-av-00001 Document 2334 Filed 01/30/12 Page 5 of 7 PageID: 2652

36.     Based upon information and belief, Defendant was not authorized by its client and did not intend to take legal action against Plaintiff.

37.     This belief is supported by Defendant's December 9, 2011 correspondence to Plaintiff, which indicates that if "a voluntary resolution is not reached, our client will remove his account from our office[.]"  See Defendant's correspondence to Plaintiff dated December 9, 2011, attached hereto as Exhibit "A".

23.     Defendant took the actions described herein with the intent to harass, abuse, deceive, and coerce Plaintiff into paying an alleged debt.

## COUNT 1
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692  et. seq.

24.      In its actions to collect a disputed debt, Defendant violated the FDCPA in one or more of the following ways:

a. Communicating with a third party without the prior consent of Plaintiff and without the express permission of a Court, in violation of 15 U.S.C.§1692c(b);

b. Harassing, oppressing or abusing Plaintiff in connection with the collection of a debt, by calling Plaintiff repetitively, in violation of 15 U.S.C.§1692d;

c. When it caused the Plaintiff' telephone to ring repeatedly or continuously with the intent to harass, annoy or abuse Plaintiff, in violation of 15 U.S.C. §1692d(5);

d. Using false, deceptive, or misleading means in connection with the collection of a debt in violation of  15 U.S.C. §1692e;

e. Falsely making a threat to take legal action, when it had no intent to do so, in violation of 15 U.S.C. §1692e(5);

Case 1:33-av-00001 Document 2334 Filed 01/30/12 Page 6 of 7 PageID: 2653

    f.   Using false or deceptive means to collect or attempt to collect a debt from Plaintiff, in violation of 15 U.S.C. §1692e(10); and

    g.   Using unfair or unconscionable means to collect or attempt to collect any debt, in violation of 15 U.S.C. §1692f.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, MARGARET NICHOLSON, respectfully prays for a judgment as follows:

    a.   All actual compensatory damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b.   Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c.   All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3);

    d.   Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, MARGARET NICHOLSON, demands a jury trial in this case.

## CERTIFICATION PURSUANT TO L.CIV.R.11.2

I hereby certify pursuant to Local Civil Rule 11.2 that this matter in controversy is not subject to any other action pending in any court, arbitration or administrative proceeding.

Case 1:33-av-00001 Document 2334 Filed 01/30/12 Page 7 of 7 PageID: 2654

1    DATED:  01/30/12            KIMMEL & SILVERMAN, P.C.

2                                By: /s/ Amy L. Bennecoff

3                                Amy L. Bennecoff
                                   Attorney ID # AB 0891

4                                Kimmel & Silverman, P.C
                                  1930 E. Marlton Pike, Suite Q29

5                                Cherry Hill, New Jersey 08003
                                  Phone: (856) 429-8334

6                                Facsimile (856) 216-7344

7                                Email: abennecoff@creditlaw.com

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25